### THE PEOPLE v. MARRERO.

### APPEAL from the District Court of San Juan.

No. 274.—Decided February 6, 1911.

FORBIDDEN GAMES—LOTTERY TICKETS—COMPLAINT—ERRONEOUS CLASSIFICATION OF OFFENSE CHARGED.—In the complaint filed in this case the complainant charges the defendant with the offense of selling lottery tickets, but from the facts stated therein it is to be deduced that the accused only attempted to commit said offense. There being no bill of exceptions nor statement of facts it is to be assumed that the court took cognizance of the offense *essentially* involved in the complaint and borne out by the evidence, and that it considered the defendant guilty of an attempt to sell lottery tickets, for the penalty imposed comes within the limits fixed by section 293 in connection with sections 16 and 50, paragraph 4, of the Penal Code.

The facts are stated in the opinion.

*Mr. Pedro González García* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This case was first heard on November 25, 1910. As the court was not satisfied from the showing made whether the offense charged was included in the provisions of section

293 of the Penal Code or whether the facts· set up in· the complaint could properly be considered as charging an attempt to commit the aforesaid crime, the court ordered a rehearing before the full bench, which took place on January 30, 1911. The complaint is as follows:

"I, Juan Gutiérrez, detective, resident of San Juan, No. 5 Cristo Street, 35 years of age, do hereby charge Ramona Marrero with the crime of selling lottery tickets of Santo Domingo, said crime being committed as follows: On July 30, 1909, and at 2.30 p. m., on San Francisco Street, of the municipal judicial district of San Juan, said Ramona Marrero, residing at No. 26 Santo Cristo Street, offered for sale to Juan Florit, a resident of Puerta de Tierra, two-tenths from a lottery ticket of Santo Domingo, the lots of which will be ·drawn on the 8th of August, 1909, for the sum of 60 cents. There were found, besides, in possession of the aforesaid Marrero three whole tickets, Nos. 9,731, 4,638, and 432; another whole ticket, No. 3,747; besides eight-tenths from ticket No. 1,534 and eight-tenths from ticket No. 2,678, and four-tenths from ticket· No. 3,746, two of which were those which she was offering for sale to the said Florit—Juan Florit—a resident of Puerta de Tierra, and Alejandro Esteve, detective, being witness thereof."

The case was tried in the Municipal Court of San Juan and appealed to the District Court of San Juan, and on November 29, 1909, the latter court rendered its sentence as follows:

"On this the 29th day of November, 1909, in open court, after a 'trial and after due consideration, the court declares the defendant guilty of the crime with which she is charged and sentences her to a fine of $100 or three months in jail."

It will be noticed that in the first part of the complaint the detective making the arrest charges the defendant with the crime of having sold lottery tickets. The facts, however, show an attempt to make such a sale. At the hearing before this court the attorney of the defendant, who was also the attorney in the municipal and the districts courts, conceded that the words charged would constitute an attempt to commit the crime and that it was his contention in the court

below that the defendant could only be convicted of that crime. The judgment, however, limits itself to finding the defendant guilty of the crime with which she is charged. The facts set forth show an attempt and nothing more. The presumption, therefore, is that the court followed the essential part of the complaint as well as the proof and found the defendant guilty of an attempt. The punishment is well within the limit fixed by the law, being less than one-half of the maximum punishment fixed by section 293 of the Penal Code in relation with sections 16 and 50, section 4, of the same code.

There is no bill of exceptions nor statement of the case, and we are, therefore, constrained to hold that there is nothing in the record to show that the court did not follow the law and the facts, and the judgment must be affirmed. The judgment, however, must be modified to make the alternative punishment correspond with the law.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.